UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 19 CR 226-9 |
| v. ) | |
| ) | Chief Judge Virginia M. Kendall |
| MIROSLAW KREJZA ) | |

### OPINION AND ORDER

Pending before the Court is Defendant Miroslaw Krejza's Motion for Bond Pending Appeal [1709] and Motion for Extension of Time to Surrender [1778]. For the reasons below, the Court denies both Motions in their entirety [1709, 1778].

### BACKGROUND

On September 22, 2023, a jury convicted Defendant Miroslaw Krejza on two counts in violation of federal law. (Dkts. 1188, 1189). Count One involved a conspiracy to make false entries in the books and records of Washington Federal Bank for Savings ("Washington Federal"), an offense against the United States in violation of 18 U.S.C. § 371. (*Id.*) Count Nine involved aiding and abetting the embezzlement of a bank officer or employee from Washington Federal, in violation of 18 U.S.C. §§ 2 and 656. (*Id.*) Krejza thereafter filed a motion for acquittal, or in the alternative, a new trial, (Dkt. 1311), which this Court denied earlier this year. (Dkt. 1661.) On April 29, 2025, Krejza was sentenced to 60 months' and 80 months' incarceration for the two counts, respectively, with the sentences to run concurrently. (Dkt. 1687 at 2).

Krejza's appeal is now pending at the Seventh Circuit. (Dkt. 1674). In the interim, he moves for bond pending appeal on three alleged grounds: a definitional argument regarding the crime of "embezzlement," a fatal variance in the government's argument at trial, and errors in

1

evidentiary rulings made during trial. (Dkt. 1709). For the reasons explained below, Krejza's Motion for Bond Pending Appeal is denied.

## LEGAL STANDARD

The federal Bail Reform Act requires that a defendant who has been found guilty and sentenced to a term of imprisonment be detained pending appeal unless a court finds that: (1) there is clear and convincing evidence that he is not likely to flee or pose a danger to the community; (2) the appeal is not for delay;[1] and (3) the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *see also United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986).

## DISCUSSION

### I. Flight Risk

The first inquiry that the Court must make is whether Krejza poses a flight risk or presents a danger to the community. The government does not contend that Krejza poses a danger to the community, and he has no prior criminal record. Therefore, the Court's analysis will turn on whether Krejza has shown by "clear and convincing evidence" that he does not pose a flight risk. 18 U.S.C. § 3143(b)(1)(A).

The government argues that Krejza could be a flight risk due to his "substantial foreign ties to Poland," his violation of the conditions of home detention, and that, before his indictment, he traveled and stayed in Poland for extended periods. (Dkt. 1717 at 4). The government also notes that Krejza has family in Poland, including his sister, with whom he is in "daily contact." (*Id.*)

---

[1] The Government does not dispute Defendant's contention that he has not brought the appeal for purposes of delay. (Dkt. 1717 at 1, n.1).

2

Though Krejza turned over his previous Polish passport alongside his U.S. one earlier in this case, the government's argument rests on Krejza's seeming ability to visit the Chicago-area Polish consulate, obtain a new passport, and flee the country. (*Id.*)

Krejza does not dispute this technical capability but instead suggests that he would not flee because his wife and children live in the United States and his only surviving family in Poland is disabled. (Dkt. 1722 at 2). Krejza's own analysis of his familial dynamics notwithstanding, his assertions do not amount to clear and convincing evidence that he is unlikely to flee. His previous extensive travel to Poland and familial ties, as well as his ability to access a new passport, indicate familiarity and access. Further, though Krejza has not previously absconded, his sentencing to 80 months' incarceration could provide additional motivation. Krejza refutes this possibility as mere speculation. (Dkt. 1722 at 1–2). But the government need not affirmatively prove that the defendant *is* a flight risk; rather, the defendant must provide "clear and convincing evidence" that he is *not*. 18 U.S.C. § 3143(b)(1). Krejza has not met that burden.

## II. "Substantial Question"

While Defendant has not demonstrated that he is unlikely to flee and thus has not met the threshold requirements of 18 U.S.C. § 3143(b)(1)(A), the Court will briefly address the merits for the record. As noted above, in order to avoid detention pending appeal under the Bail Reform Act, Krejza must also demonstrate a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B), The Seventh Circuit requires the resolution of this "substantial question" element through a two-step approach. *See, e.g.*, *Shoffner*, 791 F.2d at 588 (7th Cir. 1986).

After the district court finds that the defendant is not likely to flee and does not pose a danger to the community, the judge must: (1) "determine whether the appeal presents a substantial question of law or fact;" and, if the answer is yes, (2) "determine whether [] the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985). Evaluating whether an appeal raises a "substantial" question requires the district court judge to "evaluate the difficulty of the question he previously decided." *Shoffner*, 791 F.2d at 699. A substantial appeal is one that presents "a 'close' question or one that very well could be decided the other way.'" *Id.* (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Ultimately, it is "a case-by-case determination." *Bilanzich*, 771 F.2d at 299 (7th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985)). Using this two-step analysis "does not require the district court to predict the outcome of the appeal." *United States v. Hattermann*, 853 F.2d 555, 557 n.6 (7th Cir. 1988); *see also Bilanzich*, 771 F.2d at 299. Therefore, "whether a question is 'substantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." *Bilanzich*, 771 F.2d at 299 (citing *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985) (emphasis in original).

Krejza identifies three issues that he argues present a substantial question likely to result in reversal or an order for a new trial. Krejza alleges: (1) legal impossibility that Krejza could aid and abet the embezzlement; (2) fatal variance between the indictment and the government's alternative theory of liability at trial; and (3) errors in evidentiary rulings concerning the admission or preclusion of certain exhibits. (Dkt. 1709 at 1–4). This Court finds that none of these issues justify release pending appeal.

### a. Definitional Argument

Krejza asserts that embezzlement was legally impossible with respect to the funds received by him because "the embezzling bank employee did not appropriate the bank's funds to his or her own use." (Dkt. 1709 at 2). This is a repurposed version of the argument Krejza made, and this Court disposed of, in his earlier motion for judgment of acquittal. (Dkt. 1661). As the Court therein stated, "[n]either actual personal pecuniary gain, personal receipt of the converted funds, nor personal pecuniary motive on the part of the charged embezzler are required elements of embezzlement; rather, embezzlement requires only the fraudulent conversion or appropriation of property by a person in lawful possession of the property with an intent to defraud or injure." (Dkt. 1661 at 22) (collecting cases). Krejza's argument remains legally incorrect for the reasons laid out in the Memorandum Opinion. (*Id.*)

### b. Fatal Variance

A variance occurs "when the terms of the indictment are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Ratliff-White*, 493 F.3d 812, 820 (7th Cir. 2007) (citing *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984)). Further, a "variance is fatal only when the defendant is prejudiced in his defense because he cannot anticipate from the indictment what evidence will be presented against him or is exposed to the risk of double jeopardy." *Ratliff-White*, 493 F.3d at 820 (citing *Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990).

Krejza asserts that because the indictment charged that the Krejza's loans were "purported loans" that were created to disguise the embezzlement and never carried an expectation of repayment, the government's offer at trial of an alternative theory of liability amounted to a fatal variance. (Dkt. 1709 at 3). Specifically, the government argued that the jury could find that not

5

"every single check was embezzlement" and that Krejza intended to repay the loans in the beginning but nonetheless convict Krejza because "somewhere along the way, that plan went out the window" and "everything after that is embezzlement." (Trial Tr. 9-B, Dkt. 1239 at 1781–82). This argument was rejected in this Court's earlier ruling on the motion for judgment of acquittal, where Krejza previously argued that this alternative theory amounted to a fatal variance. (Dkt. 1661). Once again, Krejza fails to present any distinguishing argument from his previous motion. As this Court explained previously, a variance exists when the *facts* alleged in the indictment and the government's proof at trial are materially different. (Dkt. 1661 at 25) (citing and adding emphasis to *United States v. Ratliff-White*, 493 F.3d 812, 820 (7th Cir. 2007)). The Court does not find the factual discrepancy between the indictment and the government's reference to the possibility of one-time good faith in Krejza's interactions with the bank.

### c. Alleged Errors in Evidentiary Rulings

Krejza contends that two evidentiary rulings during trial were erroneous: (1) Krejza's preclusion from offering evidence that he had previously repaid four loans to Washington Federal; and (2) the ruling admitting Government Exhibit 775 over Krejza's objection. (Dkt. 1709 at 4–5). As with the previous two grounds, Krejza raised these same contentions in his earlier motion for a new trial, which the Court denied. ((Dkt. 1661 at 25–28).

The evidence of previous repayment to Washington Federal was excluded on the grounds that the probative value of its meager non-propensity purpose was substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time. (Dkt. 1153 at 2–3). Rather than engage with the Fed. R. Evid. 403 balancing, Krejza re-asserts his "intent" argument, dealt with during the initial evidentiary ruling and the earlier denial of the motion for acquittal or new trial. (Dkts. 1153, 1661). But even viewing Krejza's alleged non-propensity

6

purpose in its most generous light, it still does not hold up under Rule 403, and Krejza makes no attempt to save it in the terms of the rule. Rule 403 "applies with full force in this context," and "[o]ther-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference." *United States v. Gomez*, 763 F.3d 845, 856, 859 (7th Cir. 2014) ("[O]ther-act evidence *may* be admissible to prove intent, but it must be relevant without relying on a propensity inference, and its probative value must not be substantially outweighed by the risk of unfair prejudice.") (emphasis in original). Krejza ignores that the evidence of "intent" that he sought to offer was excluded based on the possible propensity inference and related balancing under Rule 403.

Krejza's second alleged evidentiary error concerns Exhibit 775. But "it is well settled that the defendant's reference to or use of a claimed erroneously admitted line of evidence waives the error." *United States v. Lundberg*, 990 F.3d 1087, 1094 (7th Cir. 2021) (citing *United States v. Wolff*, 409 F.2d 413, 416 (7th Cir. 1969)); *see also United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001) (same). During his trial, while crossing on behalf of Krejza, Defendant's Counsel used Exhibit 775 and suggested that the document demonstrated a lack of connection between Krejza and the loan at hand. (Trial Tr. 142–143). Therefore, Krejza's reference to this exhibit during cross-examination precludes him from raising this potential evidentiary error. Further, as noted in this Court's earlier denial of Krejza's motion for a new trial, Krejza failed to object to the admission of the Memorandum on Confrontation Clause grounds at trial, he forfeited the claim and can prevail only if he shows the Court's admission of the evidence was plain error, which he did not. (Dkt. 1661 at 29). Nonetheless, Krejza again argues that admitting Exhibit 775 violated the Confrontation Clause because it contained "conclusions by a group of anonymous bank examiners" despite the aforementioned cross his Counsel performed. (Dkt. 1709 at 6). This Court

7

rests on its prior analysis as to why there was no Confrontation Clause violation, let alone one that amounts to plain error, as explained in the Memorandum Opinion. (Dkt. 1661 at 29–30).

Therefore, Krejza has not shown by clear and convincing evidence that his appeal will raise a substantial question of law or fact, let alone that—were that question answered in the affirmative—that "the appellate court is more likely than not to reverse the conviction or order a new trial on *all* counts for which imprisonment has been imposed." *Bilanzich*, 771 F.2d at 298 (emphasis added); *see also* 18 U.S.C. § 3141(b)(1).

## CONCLUSION

For the reasons the Court explained above, Defendant Krezja's motion for release pending appeal fails. Defendant's surrender date has already been moved from August 1 of this year to August 29, and again to October 6, while the present Motion was pending. (Dkt. 1778, 1738). Krejza now requests another month's delay in which to seek appellate review of this decision. (Dkt. 1778 at 1). But statute requires detention where a petition to avoid detention pending appeal fails, as is the case here. 18 U.S.C. § 3143(b).

Thus, both the Motion for Bond Pending Appeal [1709] and the Motion for Extension of Time to Surrender [1778] are denied. Krejza shall surrender for service of sentence at the institution designated by the Bureau of Prisons on 10/6/2025 before 2:00 p.m. (Dkt. 1749).

_____
Virginia M. Kendall
United States District Judge

Date: October 3, 2025

8